ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 4 2001

CLERK, U.S. DISTRICT COURT
By _____
　　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHIF JIWA, | § | |
| | § | |
| Plaintiff, | § | 3-01CV1137-L |
| | § | |
| vs. | § | Civil Action No.: _____ |
| | § | |
| CEO CAPITAL GROUP, L.L.C., | § | JURY TRIAL DEMANDED |
| and MEDIA FUSION, INC., | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT; REQUEST FOR TEMPORARY RESTRAINING ORDER; AND BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ASHIF JIWA ("Plaintiff" and "Jiwa") and herewith files this his Original Complaint; Request for Temporary Restraining Order; and Brief against the Defendant CEO CAPITAL GROUP, L.L.C. ("CEO" and "Defendant") and MEDIA FUSION, INC. ("Media" and "Defendant"), and would respectfully show to the Court the following:

### Nature of the Action

1. This is an action pursuant to 28 U.S.C. §1332 for judgment declaring Defendant CEO in breach of contract and for judgment awarding Plaintiff the sum of at least $131,000.00 in damages as a result of said breach. There is an additional request for a Temporary Restraining Order ("TRO"), Receiver, and Accounting as to CEO and a TRO against Media.

### The Parties

2. Jiwa is an individual who resides in the Province of Quebec, City of Montreal, having conducted business as an authorized agent for CEO with regard to a transaction involving Media Fusion, Inc. ("Media") within Dallas County, Texas.

3.      Upon information and belief, CEO is a limited liability corporation organized and existing under the laws of the State of Delaware with a business address at 444 Madison Avenue, New York, New York.

4.      Media Fusion, Inc. and related companies, Media Fusion, L.L.C. and Media Holdings, Inc. (collectively "Media"), whose address is Province Towers, 5001 Spring Valley, Suite 1135, Dallas, Texas 75244, can be served through Charles Sadler, Executive V.P., Steve Katz, or any other President or Vice President who can be located.

### Jurisdiction and Venue

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) since there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs which exceeds $75,000.00.

6.      Venue in this District is proper pursuant to 28 U.S.C. §1391(a) in that Defendant transacted business and performed within the State of Texas; and therefore, Defendant is subject to personal jurisdiction in this District. Additionally, Media is located in Dallas, Texas.

### Background and Facts

7.      On or about May, 2000, CEO entered into an agreement with Media whereby CEO agreed to provide Media with services, i.e., restructuring and raising working capital. The two principals of CEO, Jiwa and Jonn Randel ("Randel"), spearheaded this endeavor. Jiwa was the major component of CEO in the transaction with Media.

8.      a)      As CEO's sole two principals, Jiwa and Randel agreed to divide equally all fees paid to CEO by Media for said services of restructuring and providing working capital to Media.

        b)      As a result of Jiwa's and Randel's efforts in raising capital, based upon information and belief, Media paid fees to CEO in excess of $262,000.00; but, to date, Jiwa has not

received his 50% share of these fees, which totals no less than $131,000.00. Based upon information and belief, Randel received "his" share; and, possibly Jiwa's also.

        c)    Based upon information and belief, Randel, who had been an equal partner of Jiwa in CEO, was elected to vice president of Media. Acting as an officer of Media, Randel unilaterally directed its financial affairs to the detriment of Jiwa. As the other co-member of CEO, he breached his fiduciary duty to his partner, Jiwa, by causing Media and/or CEO to disburse fees earned by CEO one hundred percent (100%) to Randel and possibly Michael Young ("Young"), rather than equally between Randel and Jiwa, as had been done previously. This breach was the result of Randel's unilateral directive that fees paid by Media to CEO (which had been agreed to be divided equally between Randel and Jiwa) instead be disbursed solely to Randel. Until this point in time, fees had been disbursed equally to and between Randel and Jiwa in accordance with their agreement.

### Count One (Breach of Contract)

9.    Pursuant to the aforementioned agreement and fee program, Jiwa was to be paid by CEO fees derived from Media based upon his accomplishments in raising working capital for Media as a member of CEO.

10.    Media paid fees to CEO for the above-mentioned services in excess of $262,000.00.

11.    Although demand has been made, CEO failed to pay Jiwa his rightful 50% share of the sum of at least $131,000.00 due him pursuant to his agreement with CEO.

12.    In the alternative, CEO, through its members Young and Randel, failed and refused to pay Jiwa all funds now due and owing him from the Media transaction in violation of his agreement with CEO.

13.    By reason of the foregoing, Jiwa has been damaged in the principal sum of at least $131,000.00.

## Count Two (Fraud)

14. Plaintiff Jiwa incorporates the facts and allegations as set forth in paragraphs 1 through 12 above.

15. a) From May 15, 2000, to the present, CEO, through its principal Randel, received fees from Media in payment for services performed by Jiwa as a member of CEO.

b) Said funds exceed $262,000.00 and were collected by Randel and possibly Young on behalf of CEO.

c) Based upon information and belief, Randel and possibly Young personally or on behalf of CEO, converted the said funds paid to CEO for their own personal use to the exclusion of Jiwa.

16. Jiwa remains entitled to no less than $131,000.00 of said converted funds. As such, CEO defrauded Jiwa by converting funds due and owing to Jiwa.

17. CEO is liable to Jiwa for funds in excess of $131,000.00.

18. As a result of CEO's fraudulent activity, Jiwa has been damaged in excess of $131,000.00, and CEO/Randal/Young should be required to disgorge said sums so they are available to Jiwa.

## Count Three (Injunctive Relief, Receiver, and Accounting)

19. Plaintiff Jiwa incorporates the facts and allegations set forth in paragraphs 1 through 17 above.

20. To date, CEO continues, and expects to continue to collect funds from Media representing fees due and owing CEO and its members for the above-described services.

21. Upon information and belief, CEO continues to defraud Jiwa by actively converting funds paid by Media to CEO and fifty percent (50%) of the converted funds remain due and owing

Jiwa.

22. As a result of CEO's pattern of wrongful activity, Jiwa requests **injunctive relief** to prevent Media from paying or barring CEO from either direct access to any and all funds paid by Media to CEO as well as funds paid by other parties in connection with CEO's relationship with Media; or, in the alternative, an order barring disbursal of funds received by CEO from Media until further order of this Court.

23. If fees are paid by Media to CEO, Jiwa requests the appointment of a **receiver** for CEO to supervise the collection, disbursement, and/or escrow of any and all funds paid by Media to CEO as well as funds paid by other parties in connection with CEO's relationship with Media from this date forward.

24. Jiwa requests an **accounting** from Media and CEO to determine all funds paid by Media and received by CEO from Media to establish the extent of fees owed to Jiwa by CEO.

### Attorney's Fees

25. Jiwa requests reasonable attorney fees for the prosecution of this action plus additional reasonable fees if this matter were appealed to the Court of Appeals or the Supreme Court of the State of Texas and Jiwa is the successful litigant therein.

### Request for Mediation

26. a) Jiwa requests an Order for **Mediation** since this appears to be the type of case that would benefit from such an Order and could promote judicial economy.

b) Jiwa suggests "JAMS" or any other qualified mediation service of the Court's choosing.

WHEREFORE, PREMISES CONSIDERED, Jiwa demands judgment against CEO as follows:

      a)    On and for Jiwa's first Court against CEO in the sum of no less than $131,000.00;

      b)    On and for Jiwa's second Court against CEO in the sum of no less than $131,000.00;

      c)    On Jiwa's third Court providing Jiwa with injunctive relief by ordering all funds to be paid by Media or received by CEO from Media be collected and/or escrowed by a receiver for CEO; plus, an accounting ordered as requested above;

      d)    For all attorney's fees paid by Jiwa related to this action; and

      e)    For interest as well as any further relief this Court deems just and proper.

Dated:      June ___, 2001

Respectfully submitted,

SIMON & SIMON

_____
Dolph B. H. Simon
State Bar No. 00182000
8718 Autumn Oaks
Dallas, Texas 75243
214-349-8889 - Telephone
214-349-1817 - Facsimile

_____
RONALD Z. ALAND
State Bar Number 00965200
4313 Purdue Avenue
Dallas, Texas 75225
214-871-2777 - Telephone
214-871-2779 - Facsimile

ATTORNEYS FOR PLAINTIFF
ASHIF JIWA