ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
       FILED
     MAY 31 2002
CLERK, U.S. DISTRICT COURT
By _____
          Deputy
```

| | | |
|---|---|---|
| ASHIF JIWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:01-CV-1137-L |
| CEO CAPITAL GROUP, LLC, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

ENTERED
JUN 3 2002
U.S.D.C.

## ORDER

Before the court are Defendant CEO Capital Group, LLC's Motion to Dismiss, filed February 7, 2002; Defendant John Randel and Michael Young's Motion to Dismiss, filed March 19, 2002; and Plaintiff's Motion for Default Judgment, filed April 26, 2002. For the following reasons, Defendant CEO Capital Group, LLC's Motion to Dismiss and Defendant John Randel and Michael Young's Motion to Dismiss are **granted**, and the court makes no ruling on Plaintiff's Motion for Default Judgment.

This action for breach of contract, fraud, injunctive relief, appointment of a receiver, and accounting is before the court based on diversity of citizenship under 28 U.S.C. § 1332(a). *See* Plaintiff's First Amended Complaint ("Amended Complaint") at 2.* Defendants CEO Capital Group, LLC ("CEO Capital"), John Randel ("Randel"), and Michael Young ("Young") move to

---

* 28 U.S.C. § 1332(a) provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

Order - Page 1



dismiss this action on the ground that diversity of citizenship jurisdiction is defective, because Plaintiff Ashif Jiwa ("Jiwa") is an alien and Defendant Randel also is an alien.

Generally, "diversity of citizenship is assessed at the time the action is filed [and] if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *see also Carlton v. Baww, Inc.*, 751 F.2d 781, 785 (5th Cir. 1985)(citing *Rosado v. Wyman*, 397 U.S. 397, 405 n.6 (1970)). "If, however, an amendment to the pleadings alters the nature of the action or adds a party without whom the case cannot continue, jurisdiction must be reassessed at the time of the change." *Carlton*, 751 F.2d at 785. For instance, "if a plaintiff in a diversity case adds a claim against a third party defendant who is not diverse, then subject matter jurisdiction is destroyed." *Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir.1988)(citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).

In order "to be a citizen of a state within the meaning of the diversity [of citizenship] provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996). If, however, a party is an alien, as opposed to a citizen of the United States, different citizenship considerations come into play when analyzing diversity of citizenship jurisdiction. Specifically, when one or more alien plaintiffs sue one or more alien defendants, no diversity of citizenship exists under 28 U.S.C. § 1332(a). *See Panalpina Weltransport GMBH v. Geosource, Inc.*, 764 F.2d 352, 355 (5th Cir. 1985). This principle applies even if the one or more alien defendants are accompanied by one or more codefendants who are citizens of the United States. *See id.* (holding that "What we . . . have before us is a suit initiated by two alien corporations against two defendants, one of whom is an alien

corporation [and the other of whom is a citizen of Texas]. . . . There is not the required complete diversity of citizenship between all plaintiffs and all defendants and, accordingly, diversity jurisdiction may not be invoked."). This principle does not apply to a situation where one or more alien plaintiffs sue one or more domestic defendants, *if there are no alien codefendants*. See 28 U.S.C. § 1332(a)(2)(holding that diversity jurisdiction is proper when the parties are "citizens of a State and citizens or subjects of a foreign state."); *see also DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1263 n.1 (5th Cir.1983)(holding that diversity of citizenship existed when an alien plaintiff sued a New York defendant). In such a situation, diversity jurisdiction exists under 28 U.S.C. § 1332(a). *See id.*

Here, Plaintiff Jiwa "resides in the Province of Quebec, City of Montreal." Amended Complaint at 1-2. He therefore is a Canadian citizen and alien for purposes of diversity of citizenship. At the time this action was commenced, only CEO Capital and Media Fusion, Inc. were named as Defendants. Both entities are citizens of the United States for diversity purposes. *See id.* at 2. Accordingly, complete diversity of citizenship existed when this action was commenced, and the court properly had subject matter jurisdiction over the action. Plaintiff Jiwa amended his Original Complaint, however, on January 11, 2002 and added Defendants Randel and Young as codefendants. Defendant Randel's citizenship is at issue, because he "resides in the City of Vancouver, Province of British Columbia." *Id*. He therefore is a citizen of Canada and an alien for purposes of diversity of citizenship.

This suit cannot proceed without Defendant Randel because he is a necessary and indispensable party to the suit. The core of Plaintiff Jiwa's breach of contract and fraud claims is that Randel is responsible for Jiwa not receiving agreed to compensation under a services contract.

**Order - Page 3**

Jiwa even alleges that the compensation that he did not receive is currently in the possession of Randel, or that Randel possessed the funds and has since wrongfully disbursed the funds. As such, Randel's alleged actions and his withholding of funds owed to Jiwa are fundamental to Jiwa's causes of action. This action therefore cannot properly proceed without Randel, and since he is an alien, the action now has an alien plaintiff and an alien defendant who are not diverse. Diversity jurisdiction under 28 U.S.C. § 1332(a) therefore is destroyed, and the court lacks subject matter jurisdiction over this action. *See Carlton*, 751 F.2d at 785; *Zurn Indus.*, 847 F.2d at 237. As a result, Defendant CEO Capital Group, LLC's Motion to Dismiss and Defendant John Randel and Michael Young's Motion to Dismiss hereby are **granted**. This action therefore is **dismissed** without prejudice for lack of subject matter jurisdiction. As the court does not have subject matter jurisdiction over this action, it has no authority to rule on Plaintiff's Motion for Default Judgment.

**It is so ordered** this 31st day of May, 2002.

Sam A. Lindsay
United States District Judge